IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Howard Chapman, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | C.A. No. 5:22-cv-1588-JMG |
| v. ) | |
| ) | CLASS ACTION |
| Brian Chudzik, et al. ) | |
| ) | |
| *Defendants*. ) | |

### NOTICE OF JUDICIAL DEFENDANTS' NONCOMPLIANCE WITH THE COURT'S RULE 5 AND REQUEST FOR SUMMARY DENIAL

On June 16, 2023, Judicial Defendants moved to dismiss Plaintiffs' First Amended Complaint (the "Motion"). *See* ECF No. 55. In doing so, Judicial Defendants failed to comply with the Court's Policies and Procedures for filing dispositive motions. *See* Hon. John M. Gallagher Policies and Procedures, Rule 5. Consistent with the plain language of Rule 5, Plaintiffs respectfully request the Court deny Judicial Defendants' Motion.

The Court's Policies and Procedures require that:

> Before filing a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), counsel shall first contact opposing counsel to discuss the substance of the contemplated motion and to provide an opportunity to cure any alleged pleading deficiencies. This conference shall take place at least seven days prior to the filing of the motion. If the parties are unable to reach a resolution that eliminates the need for a 12(b)(6) motion, counsel for the moving party shall include, along with the 12(b)(6) motion, a certification that the parties met and conferred regarding the alleged pleading deficiencies. These efforts must include substantive verbal communications, whether by phone or in person. Exchanges of letters or e-mails are not sufficient. It is not sufficient to report that opposing counsel was not available or that the parties made "reasonable efforts." **The Court will deny a 12(b)(6) motion that does not meet these requirements.**

*Id.* (emphasis added).

Counsel for Judicial Defendants did not comply with Section 5.  Counsel did not contact Plaintiffs' counsel before filing the Motion, no meet-and-confer was held, and Plaintiffs were not provided an opportunity to cure the alleged pleading deficiencies Judicial Defendants identify in the Motion.  Finally, the Motion does not contain the certification required by Rule 5.

The Court's Rule is clear – "[t]he Court will deny a 12(b)(6) motion that does not meet these requirements." *Id.*  Because the Motion does not satisfy Section 5's requirements, Plaintiffs respectfully request the Court deny the Motion with prejudice.[1]

Date:   June 23, 2023
        Philadelphia, Pennsylvania

Respectfully Submitted,

*/s/ Christopher J. Merken*
Benjamin R. Barnett
Will W. Sachse
Rachel Leary
Christopher J. Merken
DECHERT LLP
Cira Cenre
2929 Arch Street
Philadelphia, PA 19104-2808
ben.barnett@dechert.com
will.sachse@dechert.com
rachel.leary@dechert.com
christopher.merken@dechert.com
(215) 994-4000

---

[1] In seeking dismissal of the Motion on procedural grounds, counsel for Plaintiffs otherwise reserve all rights and arguments in a brief opposing the merits of the Motion.

                                                  Sara J. Rose
                                                  Richard Tsai Ting
                                                  Ariel Shapell
                                                  ACLU OF PENNSYLVANIA
                                                  P.O. Box 23058
                                                  Pittsburgh, PA 15222
                                                  srose@aclupa.org
                                                  rting@aclupa.org
                                                  ashapell@aclupa.org
                                                  (412) 681-7864

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 23, 2023, the foregoing was served on all counsel of record via the CM/ECF system.

*/s/ Christopher J. Merken*
Christopher J. Merken