IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD CHAPMAN, *et al.*, | : |
| Plaintiffs, | : |
| | : |
| v. | : Civil No. 5:22-cv-01588-JMG |
| | : |
| HON. BRIAN CHUDZIK, *et al.*, | : |
| Defendants. | : |

**ORDER**

**AND NOW**, this 22nd day of January, 2024, upon consideration of the Defendants Bixler, Chudzik, Lefever, and Tobin's Motion to Dismiss the Amended Complaint (ECF No. 55) and Plaintiff's Response (ECF No. 60), **IT IS HEREBY ORDERED** that Defendants' Motion (ECF No. 55) is **DENIED**.[1]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[1] The Motion only seeks dismissal of Plaintiff's equal protection claim, and on that point, Defendants advance only that Plaintiffs have not identified similarly situated comparators. "Similarly situated does not mean identically situated." *Harvard v. Cesnalis*, 973 F.3d 190, 205 (3d Cir. 2020) (internal quotation marks omitted). The test is whether, "looking objectively at the [criminal defendants], [one] would think them roughly equivalents . . ." *Id.* Reviewing the Amended Complaint, Plaintiff has identified roughly equivalent comparator criminal defendants. Am. Compl. at ¶¶ 168–340. Therefore, the Amended Complaint "contain[s] sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks omitted)).