IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD CHAPMAN, *et al.* *Plaintiffs*, v. BRIAN CHUDZIK, *et al.*, *Defendants*. | Case No. 5:22-cv-1588-JMG  Hon. John M. Gallagher |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
**THIS COURT RETAINING JURISDICTION**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................2

I.  *YOUNGER* ABSTENTION DOES NOT APPLY ...............................................3

    A.  Defendants Waived Any Argument For *Younger* Abstention ................................4

    B.  *Younger* Is Inapplicable Because Plaintiffs' Claims Are Not Directed At Their Underlying Criminal Prosecutions .................................................................5

    C.  *Younger* Abstention Also Does Not Apply Because Plaintiffs' State Criminal Proceedings Do Not Afford An Adequate Opportunity To Raise Federal Claims ........................................................................................................5

    D.  The Fifth Circuit's Decision in *Daves* Is Inapplicable ............................................6

    E.  If *Younger* Abstention Is Warranted The Court Should Still Decline To Abstain ......................................................................................................................8

II. *PULLMAN* ABSTENTION DOES NOT APPLY BECAUSE PLAINTIFFS DO NOT CHALLENGE ANY PENNSYLVANIA LAW ...........................................9

III. AS THIS COURT HAS ALREADY CONCLUDED, THIS CASE IS PROPERLY BROUGHT UNDER *EX PARTE YOUNG* ....................................11

CONCLUSION ....................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arevalo v. Hennessy*,
  882 F.3d 763 (9th Cir. 2018) ...............................................................................................8

*Artway v. Att'y Gen. of N.J.*,
  81 F.3d 1235 (3d Cir. 1996)................................................................................................9

*Chez Sez III Corp. v. Tp. of Union*,
  945 F.2d 628 (3d Cir. 1991)..............................................................................................10

*Colorado River Water Conservation Dist. v. United States*,
  424 U.S. 800 (1975).............................................................................................................2

*Cradle of Liberty Council, Inc. v. City of Philadelphia*,
  No. 08-2429, 2010 WL 68874 (E.D. Pa. Jan. 6, 2010)......................................................3

*Daves v. Dallas Cnty.*,
  64 F.4th 616 (5th Cir. 2023) .....................................................................................6, 7, 8

*Gerstein v. Pugh*,
  420 U.S. 103 (1975).............................................................................................................4

*Gibson v. Berryhill*,
  411 U.S. 564 (1973).............................................................................................................5

*Grode v. Mut. Fire, Marine & Inland Ins. Co.*,
  8 F.3d 953 (3d Cir. 1993)....................................................................................................2

*Hernandez v. Sessions*,
  872 F.3d 976 (9th Cir. 2017) ..............................................................................................8

*Koslow v. Pennsylvania*,
  302 F.3d 161 (3d Cir. 2002)..............................................................................................11

*McBride v. Cahoone*,
  820 F. Supp. 2d 623 (E.D. Pa. 2011) ................................................................................11

*Middlesex Cnty. Ethcs Committee v. Garden State Bar Ass'n*,
  457 U.S. 423 (1982).............................................................................................................5

*Moore v. Sims*,
  442 U.S. 415 (1979).............................................................................................................5

*O'Shea v. Littleton*,
  414 U.S. 488 (1974).............................................................................................................7

*Ohio Bureau of Employment Servs. v. Hodory*,
  431 U.S. 471 (1977)...................................................................................................3, 9, 10

*Planned Parenthood of Cent. N.J. v. Farmer*,
  220 F.3d 127 (3d Cir. 2000)................................................................................................9

*Presbytery of N.J. of the Orthodox Presbyterian Church v. Witman*,
    99 F.3d 101 (3d Cir. 1996) .................................................................................. 9

*Railroad Comm'n of Tex. v. Pullman Co.*,
    312 U.S. 496 (1941) ............................................................................................ 9

*Schall v. Joyce*,
    885 F.2d 101 (3d Cir. 1989) .......................................................................... 5, 10

*Stewart v. Abraham*,
    275 F.3d 220 (3d Cir. 2001) ............................................................................... 4

*Walker v. City of Calhoun*,
    901 F.3d 1245 (11th Cir. 2018) .......................................................................... 4

*Ex parte Young*,
    209 U.S. 123 (1908) .......................................................................................... 11

*Younger v. Harris*,
    401 U.S. 37 (1971) .............................................................................................. 8

**Other Authorities**

Alexander M. Holsinger, *Analyzing Bond Supervision Survey Data: The Effects of
    Pretrial Detention on Self-Reported Outcomes*, CRIME & JUSTICE INST. (June
    2016), https://bit.ly/4bCA4Ue .......................................................................... 8

PA. R. CRIM. P. 523(A) ............................................................................................ 10

PA. R. CRIM. P. 528(A) ............................................................................................ 10

PA. R. CRIM. P. 540(G)(1) ......................................................................................... 5

Pursuant to the Court's January 30, 2024 Order (ECF No. 65), Plaintiffs respectfully submit this memorandum of law addressing the Court's exercise of jurisdiction over this litigation.

## INTRODUCTION

Plaintiffs are individuals incarcerated in Lancaster County Prison ("LCP") for one reason: they cannot afford to pay their cash bail. On April 25, 2022, Plaintiffs filed a verified class action Complaint seeking declaratory and injunctive relief (but not money damages) against certain Lancaster County Magisterial District Judges ("MDJs"), Lancaster County, and LCP Warden Cheryl Steberger (collectively, the "Defendants"). ECF No. 1. Plaintiffs' Complaint alleges that the MDJs imposed unaffordable cash bail on them and a putative class of other pre-trial detainees following hurried, cursory preliminary arraignments where the MDJs failed to conduct a meaningful, individualized inquiry that considered their financial condition. Plaintiffs assert claims for violations of their procedural Due Process and Equal Protection rights.

In July 2022, Defendants moved to dismiss Plaintiffs' Complaint. *See* ECF Nos. 25, 26. After briefing and oral argument, the Court denied Defendants' motion to dismiss Plaintiffs' Due Process claims and granted Defendants' motion to dismiss Plaintiffs' Equal Protection claim with leave to amend. *See* ECF No. 48. Plaintiffs then filed an Amended Complaint, *see* ECF No. 52, and the MDJs again moved to dismiss Plaintiffs' Equal Protection claim.[1] *See* ECF No. 55. On January 22, 2024, the Court denied the MDJs' motion. *See* ECF No. 64.

---

[1] Defendants Lancaster County and Warden Steberger filed an Answer. *See* ECF No. 57.

Shortly thereafter, the Court ordered the parties to address three abstention-related questions:

1. Whether *Younger* abstention should apply to this case in light of *Stewart v. Abraham* and *Daves v. Dallas County*;
2. Whether *Pullman* abstention should apply to this case, *i.e.*, whether Plaintiff's allegations present a facial or as-applied challenge and whether Pennsylvania state courts are better situated to answer that question based on their own interpretation of their constitution, statutes, and codes; and
3. Whether this case is properly brought under the *Ex parte Young* exception to the Eleventh Amendment.

ECF No. 65 at 1–2.

Because no exceptional circumstances warranting abstention exist, Plaintiffs respectfully request that the Court retain jurisdiction over Plaintiffs' claims and permit the litigation to proceed.

## ARGUMENT

Where, as here, a federal court's subject-matter jurisdiction is properly implicated, the Court has a "virtually unflagging obligation" to retain jurisdiction over the action. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Abstention doctrines, like those before the Court, have been judicially developed in response to tensions between federal courts' mandatory roles in adjudicating disputes before them and federalism concerns. *See Grode v. Mut. Fire, Marine & Inland Ins. Co.*, 8 F.3d 953, 957 (3d Cir. 1993). But "[a]bstention from the exercise of federal jurisdiction is the ***exception***, not the rule." *Colorado River*, 424 U.S. at 813 (emphasis added).

Here, Plaintiffs properly invoke the Court's subject-matter jurisdiction over core claims that Defendants violated Plaintiffs' rights under the United States Constitution, and these claims do not give rise to any exceptional circumstances warranting abstention. *See* ECF Nos. 1, 52.

2

I.      *Younger* Abstention Does Not Apply

The Court should decline to apply *Younger* abstention for four reasons.  **First**, Defendants waived any *Younger* argument.  **Second**, Plaintiffs' claims do not implicate *Younger* abstention because they are not aimed at the underlying criminal prosecutions themselves.  **Third**, Plaintiffs lack an adequate opportunity in the state criminal proceedings to raise their federal constitutional challenges.  **Fourth**, abstention risks irreparable harm to the rights of pre-trial detainees.

A.      **Defendants Waived Any Argument For *Younger* Abstention**

As an initial matter, Defendants have waived any argument that *Younger* abstention applies.  The Supreme Court has explained that, "[i]f the State voluntarily chooses to submit to a federal forum, principles of comity do not demand that the federal court force the case back into the State's own system." *Ohio Bureau of Emp. Servs. v. Hodory*, 431 U.S. 471, 480 (1977).  This case has been pending for almost two years.  During that time, Defendants have filed multiple motions to dismiss and an Answer.[2]  Yet, Defendants never asked this Court to abstain under *Younger*.  *See* ECF Nos. 25, 26, 55.  Rather, Defendants voluntarily chose to submit the constitutional issues in this case to this Court.  Accordingly, *Younger* abstention does not apply. *See, e.g., Cradle of Liberty Council, Inc. v. City of Philadelphia*, No. 08-2429, 2010 WL 68874, at *2–4 (E.D. Pa. Jan. 6, 2010) (holding that waiver of *Younger* abstention argument need not be explicit, and that City of Philadelphia waived *Younger* abstention argument by failing to raise it earlier in the case).

---

[2] The MDJ Defendants' deadline to answer the Amended Complaint was February 5, 2024, but they still have not filed an Answer.

3

### B. *Younger* Is Inapplicable Because Plaintiffs' Claims Are Not Directed At Their Underlying Criminal Prosecutions

When state criminal defendants, like Plaintiffs, challenge pretrial procedures "not directed at the state ***prosecutions*** as such," the Supreme Court has concluded abstention is unwarranted. *Gerstein v. Pugh*, 420 U.S. 103, 108 n.9 (1975) (emphasis added). The plaintiffs in *Gerstein* sought an injunction directed "only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution." *Id*. The Supreme Court held that *Younger* abstention was inapplicable because an "order to hold preliminary hearings could not prejudice the conduct of the trial on the merits." *Id.*

The Third Circuit applied *Gerstein* in *Stewart v. Abraham* and explained that *Younger* abstention was inapplicable because the plaintiffs sought equitable relief "not aimed at state prosecutions, but at the legality of the re-arrest policy and the pretrial detention of a class of criminal defendants," which "could not have been raised in defense of Stewart's criminal prosecution, and the injunction sought would not bar his prosecution." 275 F.3d 220, 225 (3d Cir. 2001); *see also Walker v. City of Calhoun*, 901 F.3d 1245, 1254 (11th Cir. 2018) ("*Younger* does not readily apply here because Walker is not asking to enjoin any prosecution. Rather, he merely seeks prompt bail determinations for himself and his fellow class members.").

Like the plaintiffs in *Gerstein, Stewart*, and *Walker*, Plaintiffs' constitutional challenge here is directed not at their criminal prosecutions, but at the legality of their pretrial detention. Plaintiffs' requested relief—a declaration that the MDJs' preliminary arraignment bail practices are unconstitutional and an order prohibiting Lancaster County and Warden Steberger from executing resulting unconstitutional detention orders—would not prevent the state's prosecution of Plaintiffs. Because Plaintiffs do not challenge state criminal prosecutions, only the MDJs' unconstitutional cash-bail practices, *Younger* abstention is unwarranted.

4

### C. *Younger* Abstention Also Does Not Apply Because Plaintiffs' State Criminal Proceedings Do Not Afford an Adequate Opportunity to Raise Federal Claims

*Younger* abstention also does not apply because Plaintiffs lack an adequate opportunity in the state criminal proceedings to raise the federal constitutional challenges they raise here. *Younger* abstention is appropriate only when, among other things, "the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). A federal court's application of *Younger* abstention "naturally presupposes the opportunity to raise and have **timely** decided by a competent state tribunal the federal issues involved" in the plaintiffs' claims. *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973) (emphasis added). Abstention is therefore inappropriate when state-law proceedings bar effective adjudication of a plaintiff's claims arising under the United States Constitution. *See Moore v. Sims*, 442 U.S. 415, 425 (1979) ("The pertinent issue is whether appellees' constitutional claims could have been raised in the pending state proceedings.").

Here, Plaintiffs and class members do not have an adequate opportunity to raise their federal constitutional claims in their state criminal proceedings. Instead of ready access to a bail-review process, criminal defendants' first opportunity for a review of the MDJs' initial bail determination occurs at a preliminary hearing scheduled at least two weeks after the preliminary arraignment. *See* ECF No. 52 at 11, ¶¶ 59–61; *see also* PA. R. CRIM. P. 540(G)(1). This illusory opportunity to contest confinement is exacerbated because preliminary hearings are frequently continued. *See* ECF No. 52 at 11, ¶ 60. Although a criminal defendant's lawyer can request bail modification at any time, indigent defendants, like Plaintiffs, who do not have lawyers lack this benefit that their well-heeled comparators enjoy. Further exacerbating this vicious cycle, Lancaster County typically does not appoint counsel to indigent defendants until the preliminary

5

hearing, rendering any pre-preliminary hearing bail-modification petition functionally inaccessible to indigent defendants. *See id.* at 11, ¶ 59 n.1. And the MDJs' failure to keep any record of the preliminary arraignment proceedings further impedes industrious indigent defendants from contesting the adequacy of the MDJs' flawed bail determinations. *Id.* at 20, ¶¶ 124–28. Even in the rare circumstances where an indigent defendant – or any defendant – ***can*** challenge their initial bail determination, that review does not explicitly allow a defendant to challenge the use of the same cursory and constitutionally deficient procedures the MDJs currently use in the preliminary arraignments. *See id.* at 11, ¶ 59. Instead, it merely offers a defendant the ability to present evidence in support of bail modification that the MDJs, by their deficient practices, did not give the defendant a fair opportunity to adduce at their preliminary arraignment. For all these reasons, Plaintiffs lack an adequate opportunity to vindicate their constitutional rights.

### D.     The Fifth Circuit's Decision In *Daves* Is Inapplicable

The Fifth Circuit's decision in *Daves v. Dallas County*, 64 F.4th 616 (5th Cir. 2023), *cert. denied* 2024 WL 71911 (Mem) (U.S. Jan. 8, 2024), does not support applying *Younger* abstention to this case. In *Daves*, the Fifth Circuit held that *Younger* required the court to abstain from affirmatively revising Dallas County's offense-based bail schedule, *id.* at 620–21, which prevented consideration of an arrestees' ability to pay. *Id.*[3] Plaintiffs proposed various "fundamental alterations" to Dallas County's bail procedures, including ongoing federal oversight of Dallas County's criminal justice system. *Id.* at 621–22. However, pending appeal, the Texas Legislature made "substantial changes" to Texas bail procedures, so the court ultimately found that the case was moot. *Id.* at 635.

---

[3] Because Dallas County judges used a set bail schedule which, by its own terms, tied a particular offense to a particular amount of cash bail, ability to pay was not considered as part of the bail inquiry. *See Daves*, 64 F.4th at 620–21.

6

*Daves* does not support abstention in this case for three reasons. First, here, unlike in *Daves*, Plaintiffs do not propose "fundamental alterations in the pretrial decisional process." *Id.* at 621. Pennsylvania's pretrial policies and processes—including the ***requirement*** to consider an arrestee's financial condition when setting bail—are already detailed in the Pennsylvania Constitution and the Pennsylvania Rules of Criminal Procedure. Plaintiffs do not challenge those policies and processes. To the contrary, all Plaintiffs seek is injunctive relief ***requiring the MDJs to apply the law as written*** and in a manner that comports with the United States Constitution. Such relief would not interfere with state criminal prosecutions.

For the same reason, Plaintiffs here do not seek the substantial and open-ended federal oversight that concerned the Fifth Circuit in *Daves*. In *Daves*, the plaintiffs proposed the appointment of a federal monitor to oversee the state-court system, who would "receive periodic reports and be empowered to respond to any individual defendant or his counsel or family member who believed at any time that the federally installed bail procedures were not being followed." *Id.* at 622. The Fifth Circuit concluded that "[s]uch extensive federal oversight . . . indirectly accomplish[ing] the kind of interference that *Younger v. Harris* . . . and related cases sought to prevent.'" *Id.* at 631 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974)). Plaintiffs here seek no such extensive federal oversight.

Finally, *Stewart*, not *Daves*, is binding on this Court. Significantly, when addressing abstention in *Daves*, the Fifth Circuit expressly disagreed with "some or all of the reasoning in other appellate court cases"—including *Stewart*. *Id.* at 623. Though *Daves* is inapposite to the facts of this case and the remedies sought, to the extent there is disagreement or inconsistency between *Stewart* and *Daves*, this Court must apply *Stewart* and disregard *Daves*.

7

### E. If *Younger* Abstention Is Warranted The Court Should Still Decline To Abstain

If the Court nevertheless concludes that *Younger* abstention *may* apply, the Court should still decline to abstain so it can prevent the ongoing harm resulting from the Defendants' ongoing constitutional violations. The Supreme Court in *Younger* was clear that abstention is not proper if the case presents "extraordinary circumstances, where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971). This case presents both extraordinary circumstances and a risk of ongoing irreparable harm.

"It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Arevalo v. Hennessy*, 882 F.3d 763, 766–67 (9th Cir. 2018) (quoting *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (declining to abstain because of irreparable harm and extraordinary circumstances)). As Judge Southwick noted in *Daves*, "unconstitutional pretrial detention leads to injury that is different in kind as well as degree to the cost, anxiety, and inconvenience of being prosecuted." *Daves*, 64 F.4th at 654 (Southwick, J., concurring). These harms accrue quickly, with one study finding a 14% drop in employment and an 11% decrease in housing stability for defendants who spent three or more days in pretrial detention. Alexander M. Holsinger, *Analyzing Bond Supervision Survey Data: The Effects of Pretrial Detention on Self-Reported Outcomes*, Crime & Just. Inst. 7–8 (June 2016), https://bit.ly/4bCA4Ue. The rate and severity of the harms associated with pretrial detention are sufficient to demonstrate an "irreparable loss" that is "both great and immediate" as required for this Court to find an exception to otherwise applicable *Younger* abstention. *See Younger*, 401 U.S. at 45.

\*   \*   \*

For all these reasons, the Court should decline to apply *Younger* abstention and should retain jurisdiction over this litigation.

## II. *Pullman* Abstention Does Not Apply Because Plaintiffs Do Not Challenge Any Pennsylvania Law

This Court should also decline to abstain under the *Pullman* abstention doctrine. *See Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496 (1941). *Pullman* abstention "involves an inquiry focused on the possibility that the state courts may interpret a challenged state statute so as to eliminate or at least to alter materially, the constitutional question presented." *Hodory*, 431 U.S. at 477. A federal court may abstain under *Pullman* only if three "exceptional circumstances" exist: (1) "there must be 'uncertain issues of state law underlying the federal constitutional claims,'" (2) "the state law issues must be amenable to a state court interpretation which could 'obviate the need to adjudicate or substantially narrow the scope of the federal constitutional claim,'" and (3) "it must be that 'an erroneous construction of state law by the federal court would disrupt important state policies.'" *Planned Parenthood of Cent. N.J. v. Farmer*, 220 F.3d 127, 149–50 (3d Cir. 2000) (quoting *Presbytery of N.J. of the Orthodox Presbyterian Church v. Whitman*, 99 F.3d 101, 106 (3d Cir. 1996), *cert. denied*, 520 U.S. 1155 (1997)).[4]

*Pullman* abstention does not apply because Plaintiffs are not challenging the constitutionality of any Pennsylvania statute or rule (either facially or as-applied), and there are no "uncertain" issues of state law underlying Plaintiffs' claims under the United States Constitution. Plaintiffs do not allege that the MDJs' application of the Pennsylvania Rules of Criminal Procedure

---

[4] Even where all three exceptional circumstances exist, *Pullman* abstention is discretionary based on factors including "the availability of an adequate state remedy, the length of time the litigation has been pending, and the impact of delay on the litigants." *Planned Parenthood*, 220 F.3d at 150 (quoting *Artway v. Att'y Gen. of N.J.*, 81 F.3d 1235, 1270 (3d Cir. 1996)). Here, Plaintiffs' claims have been pending for nearly two years, Defendants have filed three motions to dismiss, and Plaintiffs face significant harmful delay should the Court, in its discretion, decide to abstain based on *Pullman*.

9

results in unconstitutional bail orders. Rather, Plaintiffs challenge the MDJs' *practices* that do not comply with the Pennsylvania Rules of Criminal Procedure. Uncertainty as to whether the MDJs comply with Pennsylvania law is not a basis for *Pullman* abstention. *Schall*, 885 F.2d at 113 (explaining that uncertainty as to whether state actors adhere to state law, "in the absence of the identification of any unsettled question of law . . . concerns factual rather than legal questions"); *id.* at 113 n.3 ("[U]nsettled factual issues—such as an office's **policies and practices**—do not provide a basis for *Pullman* abstention.") (emphasis added)). And the Third Circuit has been clear that "federal courts have the power to enjoin unconstitutional state action even if such action is illegal under state law and hence remediable in state courts." *Id.* at 112.

Further, there is no ambiguity – and no dispute in this litigation – regarding what information the Pennsylvania Rules of Criminal Procedure require the MDJs to consider in setting bail. *See* PA. R. CRIM. P. 523(A), 528(A). Thus, there are no "uncertain" issues of state law to resolve, and the exceptional circumstances required for *Pullman* abstention are absent. *See Chez Sez III Corp. v. Tp. of Union*, 945 F.2d 628, 630–31 (3d Cir. 1991) (explaining that inquiry into the presence of "uncertain" issues of state law focuses on whether the language of a law is ambiguous, and whether any ambiguity has been authoritatively construed by state courts).

Because there is no issue regarding interpretation of Pennsylvania law that might "eliminate or at least . . . alter materially, the constitutional question presented," *Hodory*, 431 U.S. at 477, and no exceptional circumstances required for abstention exist, *Pullman* abstention is unwarranted, and this Court should retain jurisdiction of this litigation.

### III. As This Court Has Already Concluded, This Case Is Properly Brought Under *Ex parte Young*

This Court has already rejected the MDJs' argument that the Eleventh Amendment bars Plaintiffs' claims. *See* ECF No. 48 at 27–28. Because no intervening law has changed the Court's well-reasoned analysis, Plaintiffs' claims should proceed.

In the Court's March 2023 memorandum opinion denying the MDJs' motion to dismiss, the Court properly noted that "a person seeking purely prospective relief against state officials for ongoing violations of federal law may sue under the 'legal fiction' of *Ex parte Young*, 209 U.S. 123, 159–60 (1908), despite the text of the Eleventh Amendment." *Id.* at 27 (quoting *Koslow v. Pennsylvania*, 302 F.3d 161, 168 (3d Cir. 2002)). In evaluating the parties' previous arguments on Eleventh Amendment immunity, the Court reasoned that:

> Plaintiffs have brought claims against the MDJ's in their official capacities to remedy what they allege are ongoing violations of federal law. Specifically, they allege the MDJ's impose unconstitutional bail orders in violation of Plaintiffs' rights to due process and Equal Protection under the 14th Amendment, and their right to counsel under the Sixth and Fourteenth Amendments. The ongoing violation alleged is their continued detention. *See McBride v. Cahoone*, 820 F. Supp. 2d 623, 635 (E.D. Pa. 2011). Additionally, the relief Plaintiffs seek with regard to the MDJ's is prospective. They are seeking a declaratory judgment that their continued detention violates their Sixth and Fourteenth Amendment rights. **Therefore, Eleventh Amendment immunity does not bar Plaintiffs' claims against the MDJ's**.

*Id.* at 28 (emphasis added).

The Court correctly decided the Eleventh Amendment question in its March 2023 memorandum opinion.

### CONCLUSION

For all the reasons set forth above, the Court should retain jurisdiction over Plaintiffs' claims and the litigation should proceed in this Court.

Dated: February 28, 2024

By: */s/ Stuart T. Steinberg*
Stuart T. Steinberg
Clare Putnam Pozos
Will Sachse
Rachel Leary
Christopher J. Merken
**DECHERT LLP**
2929 Arch St.
Philadelphia, PA 19104
(215) 994-2000
stuart.steinberg@dechert.com
clare.pozos@dechert.com
will.sachse@dechert.com
rachel.leary@dechert.com
christopher.merken@dechert.com

Richard Ting (PA 200438)
Sara J. Rose (PA 204936)
**AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA**
P.O. Box 23058
Pittsburgh, PA 15222
(412) 681-7736
rting@aclupa.org
srose@aclupa.org

Ariel Shapell (PA 330409)
Solomon Furious Worlds (PA 333677)
**AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA**
P.O. Box 60173
Philadelphia, PA 19102
(215) 592-1513
ashapell@aclupa.org
sfworlds@aclupa.org

***Attorneys for Plaintiffs***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 28, 2024, the foregoing was served upon all counsel of record via the CM/ECF system.

*/s/ Christopher J. Merken*
Christopher J. Merken