IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOWARD CHAPMAN, *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> BRIAN CHUDZIK, *et al.*, <br><br> *Defendants*. | Case No. 5:22-cv-1588-JMG <br><br> Hon. John M. Gallagher |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR A STATUS CONFERENCE**

Plaintiffs Howard Chapman, Christo Belony, DeWayne Bailey, Gregory Hartmann, John Hays, Ishaq Bryant, and Robert Edwards ("Plaintiffs"), pursuant to Federal Rule of Civil Procedure 16(b)(2), Eastern District of Pennsylvania Local Rule of Civil Procedure 7.1, and Section II.A.1 of this Court's Policies and Procedures, respectfully request that the Court schedule a status conference as soon as is practicable, and in support thereof state as follows:

**INTRODUCTION**

Plaintiffs in this class action challenge unconstitutional bail practices carried out by certain Lancaster County Magisterial District Judges (the "MDJs"), Lancaster County, and Lancaster County Prison Warden Cheryl Steberger (collectively, the "Defendants"). Even though the case is almost three years old, the parties still have not had a Rule 16 conference with the Court, and there is no scheduling order in place. For more than a year, the MDJs have exploited the lack of case deadlines and the Court's *sua sponte* request for briefing on certain abstention issues to block the case from moving forward. Given the serious and recurring nature of the constitutional

1

deprivations at issue, it is important that these claims, which have twice withstood legal challenges, be timely heard. Accordingly, Plaintiffs respectfully request that the Court schedule a status conference (i) to address the MDJs' litigation misconduct, and (ii) to set case deadlines.

## FACTUAL BACKGROUND

On April 25, 2022, Plaintiffs filed a verified class action complaint alleging that the MDJs imposed unaffordable cash bail on Plaintiffs and a putative class of other pre-trial detainees without conducting a constitutionally required, individualized inquiry that considered each defendant's financial condition. ECF No. 1. Among other things, the Complaint asserted claims for due process and equal protection violations and sought declaratory and injunctive relief.

In June 2022, Defendants moved to dismiss the complaint. ECF Nos. 25, 26. The Court initially scheduled a Rule 16 conference for November 1, 2022. ECF No. 35. However, two days after the parties filed their Rule 26(f) report, the Court cancelled the conference. ECF Nos. 37, 38.

In an opinion entered on March 31, 2023, the Court denied Defendants' motion to dismiss the due process claim, and dismissed without prejudice the equal protection claim. ECF No. 48 at 14-16, 26-27. The Court expressly rejected the MDJs' Eleventh Amendment immunity argument, holding that Plaintiffs' claims could proceed under *ex parte Young,* 209 U.S. 123, 159–60 (1908). *Id.* at 27-28 ("[T]he relief Plaintiffs seek . . . is prospective. They are seeking a declaratory judgment that their continued detention violates their . . . Fourteenth Amendment rights. Therefore, Eleventh Amendment immunity does not bar Plaintiffs' claims against the MDJ's").

Following the Court's ruling, Plaintiffs filed an amended complaint adding new allegations in support of their equal protection claim. ECF No. 52. In response, Warden Steberger and Lancaster County filed an answer, ECF No. 57, and the MDJs filed a second motion to dismiss. ECF No. 55. On January 22, 2024, the Court denied the MDJs' motion, holding that Plaintiffs

"identified roughly equivalent comparator criminal defendants" and therefore stated an equal protection claim. ECF No. 64. Accordingly, following two rounds of motion practice, the Court concluded that Plaintiffs stated legally viable claims for due process and equal protection violations arising from the challenged bail practices.

On January 30, 2024, shortly after denying the MDJs' second motion to dismiss, the Court issued a *sua sponte* order directing the parties to brief three issues: (1) *Younger* abstention; (2) *Pullman* abstention; and (3) application of *ex Parte Young*. ECF No. 65. The parties completed the briefing ordered by the Court on March 20, 2024. ECF Nos. 67-72. At no point did the Court issue an order staying the case pending a decision on the abstention-related briefing.

Under Federal Rule of Civil Procedure 12(a)(4)(A), the MDJs' answer to the amended complaint was due on February 5, 2024. That deadline passed without the MDJs filing an answer, requesting an extension, or seeking any relief from the Court. When confronted with the missed deadline, the MDJs' counsel originally claimed that it was an oversight. However, months later, after the MDJs still had not filed an answer, the MDJs changed their position and stated they would not file an answer until they received a ruling from the Court on the abstention-related issues. The MDJs did not move for an extension of their answer deadline, or a stay of discovery.

On June 24, 2024, Plaintiffs served a second set of document requests on the MDJs related to the challenged bail practices. Under Federal Rule of Civil Procedure 34(b)(2)(A), the MDJs response was due on July 24, 2024. The MDJs ignored the requests–failing to serve responses or objections. When Plaintiffs followed up, the MDJs refused to provide responses or documents and made clear that they would not engage in discovery while the abstention briefing is pending. Again, the MDJs failed to move the Court for a stay.

3

Unable to get the MDJs to comply with their obligations, on September 12, 2024, Plaintiffs' counsel filed a letter requesting that the Court schedule a telephone conference to address the MDJs' misconduct. ECF No. 74. The MDJs did not respond to the letter, and the Court did not schedule a conference or take any action in response to the letter.

Plaintiffs then filed a motion to compel responses to their overdue discovery requests. ECF No. 75. Briefing on that motion closed on January 14, 2025. ECF No. 76. In the meantime, as they have for over a year, the MDJs are continuing to block this case from moving forward.

## ARGUMENT

The MDJs have exploited the lack of any scheduling order to interfere with the expeditious management of the case. *See Newton v. A.C. & S., Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990) ("[T]he purpose of Rule 16 is to maximize the efficiency of the court system by insisting that attorneys and clients cooperate with the court and abandon practices which unreasonably interfere with the expeditious management of cases." (cleaned up)). The MDJs are now more than a year late (and counting) in filing their answer. In addition, they are refusing to engage in discovery as long as the abstention briefing remains pending, even though this Court's Policies and Procedures clearly state that "parties should begin discovery . . . regardless of whether a motion is pending," and that "the Court will grant a stay of discovery only in extraordinary circumstances." Court's Policies and Procedures § II(A)(1). To this day, the MDJs have not filed a motion to stay.

The MDJs attempt to excuse their failure to litigate by arguing that the "Eleventh Amendment is immunity from suit, not just liability." ECF No. 76 at 2. But the Court already rejected the MDJs' Eleventh Amendment argument in its March 2023 opinion. *See* ECF No. 48 at 27-28. Plaintiffs highlighted the Court's rejection of this argument in their abstention briefing. *See* ECF No. 67 at 11 (arguing that the Court has already concluded that this action was properly

4

brought under *Ex parte Young*).  The MDJs completely ignored it in their reply.  *See generally* ECF No. 72.

The MDJs further claim that because "the parties have not yet had a Rule 16 scheduling conference . . . there is no prejudice in waiting for a ruling given that this matter has been pending since 2022."  ECF No. 76 at 1-2.  But the fact that the MDJs have caused this case to languish does not somehow excuse more delay or make it any less prejudicial.  Contrary to the MDJs' contention that there is no prejudice from further delay, the reality is that the MDJs' unconstitutional bail practices continue to harm indigent pre-trial detainees.  Indeed, a survey of publicly available bail data continues to show a high incidence of cash bail, often at dollar amounts that likely are unaffordable to members of the putative class.  The data also show that numerous pretrial detainees are being held in Lancaster County Prison for weeks or months on cash bail set by the MDJs.

For these reasons, Plaintiffs respectfully request that the Court schedule a status conference as soon as practicable, either in person or by telephone.  The MDJs' ongoing failure to participate in this litigation must be addressed, and this case should proceed expeditiously.

|  |  |
|---|---|
| Dated:  March 28, 2025 | By: */s/ Stuart T. Steinberg*<br>Stuart T. Steinberg<br>Rachel Leary<br>Christopher J. Merken<br>**DECHERT LLP**<br>2929 Arch St.<br>Philadelphia, PA 19104<br>(215) 994-4000<br>stuart.steinberg@dechert.com<br>rachel.leary@dechert.com<br>christopher.merken@dechert.com<br><br>Richard Ting<br>Sara J. Rose<br>**AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA**<br>P.O. Box 23058<br>Pittsburgh, PA 15222<br>(412) 681-7736<br>rting@aclupa.org<br>srose@aclupa.org<br><br>Ariel Shapell<br>Solomon Furious Worlds<br>**AMERICAN CIVIL LIBERTIES UNION OF PENNSYLVANIA**<br>P.O. Box 60173<br>Philadelphia, PA 19102<br>(215) 592-1513<br>ashapell@aclupa.org<br>sfworlds@aclupa.org<br><br>*Attorneys for Plaintiffs* |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 28, 2025, the foregoing was served on all counsel of record using the Court's CM/ECF filing system.

*/s/ Stuart T. Steinberg*
Stuart T. Steinberg